STATE EX REL. CHARLES WEAVER v. CHARLES M.
BABCOCK.
HENRY LOBNITZ, INTERVENER.[1]

November 30, 1928.

No. 26,938.

**Commission authorized to disapprove award of grading contract by highway commissioner.**

    Commission of administration and finance had authority to forbid the making of a grading contract which the commissioner of highways had awarded. [Reporter]

The intervener appealed from a judgment of mandamus of the district court for Ramsey county, McNally, J. directing respondent Babcock as commissioner of highways to deliver and file a contract executed by relator for the performance of certain highway work, which contract had been approved by respondent Babcock but disapproved by the commission of administration and finance on the ground that intervener had submitted a lower bid. Reversed, following State ex rel. Mergens v. Babcock, 175 Minn. 583, 222 N. W. 285.

    *Daly & Barnard,* for appellant.

    *A. B. Christofferson, Arthur Christofferson* and *Leonard L. Sutton,* for respondent Weaver (relator below).

PER CURIAM.

This is an appeal from a judgment directing the issuance of a peremptory writ of mandamus commanding the commissioner of highways to deliver to the relator a contract for grading a specified portion of a state highway. The case was argued and submitted at the same time as the case of State ex rel. Mergens v. Babcock, 175 Minn. 583, 222 N. W. 285, and the opinion in that case filed herewith covers the questions involved in this.

[1]Reported in 222 N. W. 287.

The advertisement published by the commissioner of highways stated that bids for the proposed work would be received pursuant to "Minnesota Standard Specifications." The specifications stated: "Proposals in which the prices are obviously unbalanced will be rejected." The bid of the intervener was the lowest, but the highway commissioner rejected it as unbalanced and awarded the contract to the relator as the next lowest bidder. He executed a contract with the relator for doing the work and then sent it to the commission of administration and finance for approval. That body disapproved the award to the relator on the ground that he was not the lowest bidder. The proposals covered a large number of items among which were earth excavation estimated at 592,148 cubic yards, loose rock excavation estimated at 4,952 cubic yards, and solid rock excavation estimated at 1,971 cubic yards. The relator bid 26 cents per cubic yard for the excavation of earth and loose rock and $2 per cubic yard for the excavation of solid rock. The intervener bid 24 cents per cubic yard for the excavation of earth and loose rock and 1 cent per cubic yard for the excavation of solid rock. It was this item of 1 cent per cubic yard for excavation of solid rock that led the commissioner of highways to reject the bid as unbalanced.

For the reasons stated in the companion case, we are of opinion that the commission of administration and finance had the power to forbid the making of the contract in question and that in disapproving it they acted within the power given them by the law.

Judgment reversed.

HILTON, J. took no part.